# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DANIEL CARR, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-01373-JEO |
| ) | |
| HARALSON TERMITE & PEST ) | |
| CONTROL, INC., et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On April 6, 2018, Plaintiffs Daniel Carr, Christiana Carr and Patricia A. Cooper filed a complaint in the Circuit Court of Jefferson County, Alabama, against Defendants Haralson Termite & Pest Control, Inc. ("Haralson") and Joel Mike Clark.[1] (Doc. 1-20). The complaint contains claims for (1) fraudulent misrepresentation/suppression, including promissory fraud, (2) negligence, recklessness and negligence per se, (3) negligent hiring, training, supervision and retention, and (4) breach of contract.[2] (*Id*. ¶¶ 50-81). The complaint also purports to state a claim for "equitable relief pursuant to the 'made whole' doctrine." (*Id*. ¶ 82-90).

---

[1] The complaint also names 10 fictitious defendants. (Doc. 1-20).

[2] The complaint states a count for "tolling of statute of limitations." (Doc. 1-20 ¶¶ 91-92). This count is not a claim but a legal argument.

1

On August 27, 2018, Defendants properly removed the complaint to this court[3] based on diversity jurisdiction.[4] (Doc. 1). Upon examination of the removal documents, the court determined Defendants had filed in state court a partial motion to dismiss contained within their answer and it had not been decided. (Doc. 1-21). That motion is now before the court, is fully briefed, (docs. 6, 7, 11), and is ripe for decision. For the reasons that follow, the motion is due to be granted, but the court will allow Plaintiffs the opportunity to amend their fraud claim.

I.  **LEGAL STANDARDS**

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id*. at 555, 557. In deciding a

---

[3] The action was originally assigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and the court's general order of reference dated January 2, 2015. The parties have since consented to an exercise of plenary jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Doc. 9).

[4] The citizenship of the fictitious defendants is disregarded in determining diversity jurisdiction for removal purposes. 28 U.S.C. § 1441(b)(1).

2

Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than

the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that all of the well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

The statute of limitations is an affirmative defense, and the burden of proving an affirmative defense is on the defendant. *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1292 (11th Cir. 2005). A plaintiff is not required to anticipate and negate an affirmative defense in the complaint. *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004). A Rule 12(b)(6) motion to dismiss on statute of limitations grounds may be granted, however, if it is apparent from the face of the complaint that the claim is time-barred. *Id*. at 845-46. Nonetheless, a motion to dismiss on statute of limitations grounds should not be granted where resolution depends either on facts not yet in evidence or on construing factual ambiguities in the complaint in defendants' favor. *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1252 (11th Cir. 2003).

## II. STATEMENT OF FACTS[5]

On or about June 3, 2012, Haralson issued a pre-sale inspection report on a property located in Trussville, Alabama. (Doc. 1-20 ¶ 10). The report stated that there were signs of previous subterranean termites, but did not disclose the full

---

[5] The facts recited are based upon the factual allegations of the complaint, which, consistent with the applicable standard of review, are taken as true, drawing all reasonable inferences in Plaintiff's favor. Thus, these are the facts for the purposes of the motion only; they may not be the actual facts.

existence of the prior infestation or presence of termites. (*Id*.). The report also did not disclose the presence of wood decaying fungi, wood rot and the presence of wood to ground contacts conducive to termite infestation. (*Id*.).

On July 13, 2012, Haralson performed a "defined zone treatment" on the property, but the treatment was deficient. (*Id*. ¶ 11). Additionally, Haralson issued a "Wood Destroying Organism Control Service Agreement" on the property ("termite bond"). (*Id*.). Defendants represented the home was free from any evidence of previous or active infestations of wood destroying organisms including subterranean termites and fungus and that the "defined treatment zone" was performed in accordance with the regulations and the label. (*Id*. ¶ 26). Both the treatment and termite bond fell below standards because of the failure to note the termite and wood decaying fungi problems. (*Id*.).

On December 19, 2012, Plaintiffs purchased the property, in reliance on the pre-sale inspection report performed by Defendants. (*Id*. ¶¶ 10, 12). At the closing, Plaintiffs called Haralson and Clark, who told Plaintiffs the home did not have any visible termite damage or activity. (*Id*. ¶ 12). Plaintiffs discovered the damage "shortly after moving into the home." (*Id*. ¶ 18). Although Defendants had a duty to inspect the home on at least an annual basis for new signs of subterranean termite infestation, Defendants failed to inspect and identify deficiencies before the expiration of the termite bond. (*Id*. ¶ 38).

Plaintiffs allege a "consistent and repeated pattern and practice[] of the Defendants to fail to make complete, proper and adequate inspections and to fail to apply immunizations from termites by following proper service protocol for termite prevention. . . ." (*Id*. ¶ 43). They further allege concealment of "facts in connection with [Haralson's] inspections and treatments from Plaintiffs and other similarly situated customers in the face of a duty to do so based on Defendants' special knowledge and the ongoing nature of the processional services at issue." (*Id*.). Plaintiffs contend "Defendants have created a scheme/system which has encouraged and led to widespread negligence, recklessness, wantonness, fraud and deception in the rendition of structural pest control services." (*Id*. ¶ 46). "Until less than two (2) years ago," Plaintiffs state they were "unaware of the Defendants' patterns and practices of wrongdoing, and the schemes mentioned above." (*Id*. ¶¶ 48, 92).

## III. DISCUSSION

Defendants argue Plaintiffs' fraud and negligence[6] claims are due to be dismissed pursuant to the statute of limitations. (Doc. 6 at 4-9). Additionally, Defendants argue Plaintiffs have failed to state a claim sufficient to invoke equity jurisdiction. (*Id*. at 9-10). As such, Defendants contend all claims except Plaintiffs' claim for breach of contract are due to be dismissed. (*Id*.). Plaintiffs

---

[6] The negligence claims include all claims contained in counts 2 and 3 of the complaint.

argue the statute of limitations should be tolled on their negligence and fraud claims, and that any decision regarding the "made whole" equitable claim is not ripe. (Doc. 7 at 3-9). The court first addresses Plaintiffs' negligence and fraud claims and then moves to their claim for equitable relief.

**A. Dismissal of negligence and fraud claims under the applicable statutes of limitations.**

When federal jurisdiction is founded upon diversity of citizenship, the law of the forum state provides the appropriate statute of limitations. *Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1280 (11th Cir. 2003). The parties agree that all of the claims challenged by Defendants are governed by a two-year statute of limitations under Alabama law. (*See* Docs. 6 & 7). Alabama law determines when the applicable statute of limitations begins to run, but federal law provides the legal standard to determine if defendants are entitled to dismissal. *Bernard Schoninger Shopping Ctrs., Ltd. v. J.P.S. Elastomerics, Corp.*, 102 F.3d 1173, 1177 (11th Cir. 1997).

**1. Negligence Claims (Counts 2 and 3)**

Causes of action for negligence accrue "on the date of the injury or damage, and not upon the occurrence of the negligence itself, or the last known negligent act." *Rumford v. Valley Pest Control, Inc.*, 629 So. 2d 623, 627 (Ala. 1993) (citations and quotations omitted). Defendants argue Plaintiffs' negligence claims accrued on or before December 19, 2012, and are, therefore, time-barred under the two year statute of limitations. (Doc. 6 at 5). The court agrees.

7

According to the complaint, Defendants completed the pre-inspection report on July 3, 2012, performed a "defined zone treatment" on July 13, 2012, and issued a termite bond on July 13, 2012. (Doc. 1-21 ¶¶ 10-11). Further, Plaintiffs allege that on December 19, 2012, Defendants represented that the property did not have any visible termite damage or activity. (*Id*. ¶ 12). As such, any negligence on behalf of Haralson or one of its employees occurred on or before December 19, 2012. Plaintiffs did not file their complaint until April 16, 2018. The two-year statute of limitations ran as of December 19, 2014, on Plaintiffs' claims based on negligence, recklessness, negligence per se, negligent hiring, training supervision and retention. Those claims are, therefore, due to be dismissed.[7]

### 2. Fraud Claim (Count 1)

Causes of action for fraud do not accrue "until the discovery by the aggrieved party of the fact constituting the fraud." Ala. Code § 6–2–3. Section 6-2-3 of the Alabama Code tolls the statute of limitations for causes of action that were fraudulently concealed from the aggrieved party. *DGB, LLC v. Hinds*, 55 So. 3d 218, 224 (Ala. 2010). More specifically, Alabama law tolls the limitations period for a cause of action until the plaintiff actually discovered the fraud or

---

[7] While the court recognizes that "because § 6–2–3 applies to the fraudulent concealment of the existence of a cause of action, if the [plaintiffs] have sufficiently alleged the fraudulent concealment of their claims, § 6–2–3 may apply even to their non-fraud claims," *DGB, LLC v. Hinds*, 55 So. 3d 218, 225-26 (Ala. 2010), for the reasons that follow, § 6-2-3 does not save their fraud claims. Even if Plaintiffs amend their complaint to adequately state a cause of action for fraud, the negligence allegations in the complaint do not allow for tolling under § 6-2-3.

discovered facts that would alert a reasonable person to the possibility of fraud. *Wheeler v. George,* 39 So. 3d 1061, 1081 (Ala. 2009); *Ex parte Am. Gen. Fin., Inc.*, 795 So. 2d 685, 689 (Ala. 2000).

To toll the limitations period for a cause of action under Alabama Code § 6-2-3, a plaintiff must allege (1) "the time and circumstances of the discovery of the cause of action," (2) "the facts or circumstances by which the defendants concealed the cause of action or injury," and (3) "what prevented the plaintiff from discovering the facts surrounding the injury." *DGB*, 55 So. 3d at 226 (citing *Smith v. Nat'l Sec. Ins. Co*., 860 So. 2d 343, 345, 347 (Ala. 2003); *Lowe v. East End Mem'l Hosp. & Health Ctrs.*, 477 So. 2d 339, 341-42 (Ala. 1985); *Angell v. Shannon*, 455 So. 2d 823, 823-24 (Ala. 1984); *Miller v. Mobile Cnty. Bd. of Health*, 409 So. 2d 420, 422 (Ala.1981); *Amason v. First State Bank of Lineville*, 369 So. 2d 547, 551 (Ala. 1979); *Papastefan v. B & L Constr. Co.*, 356 So. 2d 158, 160 (Ala. 1978)). In *DGB*, the Alabama Supreme Court concluded the plaintiffs sufficiently alleged the time and circumstances of their discovery when they alleged that they discovered the causes of action during depositions in another litigation matter. *Id*. at 227. The Court also determined the plaintiffs sufficiently alleged the facts regarding concealment because they alleged that the defendants knew about misuse of funds and the purchase of a property for half of its sale price a few days before the transaction at issue, but concealed those facts during the

transaction. *Id.* Finally, it concluded the plaintiffs sufficiently alleged the circumstances that prevented them from discovering the fraud because they had asserted that the defendants controlled the relevant information, the plaintiffs entrusted the negotiation and execution of the transaction to others, and the plaintiffs relied on the defendants' representations about the sale price in lieu of examining the relevant property records. *Id*. at 228.

The question of when a party discovered, or should have discovered, the fraud is normally a question for the jury. *Kelly*, 628 So. 2d at 458 (citing *Vandegrift v. Lagrone*, 477 So. 2d 292, 295 (Ala. 1985)). There are times when this question is removed from the purview of the jury, however. "The question of when a plaintiff should have discovered fraud should be taken away from the jury and decided as a matter of law only in cases where the plaintiff *actually knew* of facts that would have put a reasonable person on notice of fraud." *Hicks v. Globe Life & Acc. Ins. Co*., 584 So. 2d 458, 463 (Ala. 1991) (emphasis in original).

Defendants argue the fraud claims are due to be dismissed because Plaintiffs discovered the termite damage shortly after moving into the property in late December 2012. As such, Defendants contend the statute of limitations began to run with that discovery and expired well before Plaintiffs filed the instant complaint. Plaintiffs respond by arguing that the statute of limitations should be

tolled because they were not aware of the scheme and/or pattern and practice of Defendants until less than two years ago.

The court concludes that Plaintiffs have failed to sufficiently allege that the limitations period for their claims were tolled. Specifically, there are no allegations in the complaint regarding (1) "the time and circumstances of the discovery of the cause of action," (2) "the facts or circumstances by which the defendants concealed the cause of action or injury," and (3) "what prevented the plaintiff from discovering the facts surrounding the injury." *DGB*, 55 So. 3d at 226; *see also Limon v. Sandlin*, 200 So. 3d 21, 24-25 (Ala. 2015). The mere fact that Plaintiffs allege tolling in their complaint and state that they were unaware of Defendants' patterns, practices and/or scheme until "less than two years ago" are conclusory and not entitled to a presumption of truth. *See Iqbal*, 556 U.S. at 678-79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

The court is not persuaded by Plaintiffs' reliance on *Limon v. Sandlin*. There, the parents of a minor girl sued her minor boyfriend and his parents for fraud, negligence, outrage and interference with parental rights after the defendants took plaintiffs' daughter on a trip to New York in December 2011, ostensibly for a pleasure vacation, but in reality to have an abortion without parental consent. 200 So. 2d at 22-23. Upon returning from the trip, the daughter isolated herself from

11

her parents, started using drugs, and dropped out of school. *Id.* at 22. Her parents did not discover the actual events of the trip until May 2013, and sued in April 2014. *Id.* The Alabama Supreme Court held that the statute of limitations was tolled under § 6-2-3 because the complaint adequately alleged the circumstances that prevented the plaintiffs from discovering the alleged fraudulent concealment until May 2013. *Id.* at 25-26. The court emphasized the detail of the pleading of the failure to discover, pleading of diligence and pleading of the circumstances of discovery. *Id.*

Unlike in *Limon*, Plaintiffs were aware of the damage shortly after moving into the property. This information should have provoked inquiry by Plaintiffs concerning the issue. Yet, there are no allegations in the complaint that Plaintiffs conducted any inquiry into the pre-sale inspection, "defined treatment zone," or termite bond. There are also no allegations in the complaint detailing the circumstances of their discovery of the alleged fraud. Instead, the complaint makes general allegations regarding a pattern, practice and/or scheme by Defendants and when Plaintiffs discovered this alleged fraud. Such allegations are insufficient to invoke tolling under § 6-2-3, and Plaintiff's fraud claims are barred by the statute of limitations.

Although Plaintiffs do not ask to amend their complaint, under Federal Rule of Civil Procedure 15(a)(2), the "court should freely give leave [to amend] when

justice so requires." Further, when "a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citation omitted)). The court will allow Plaintiffs the opportunity to amend their complaint to adequately plead their fraud claim.

### B. Dismissal of the claim for equitable relief under the "made whole" doctrine

Plaintiffs contend in their complaint that if they prevail, but are not "made whole" by any monetary damages awarded, the court in equity should "step in to make Plaintiffs whole."[8] (Doc. 1-20 ¶ 90). Defendants allege this claim is due to be dismissed and the court agrees.

---

[8] In *Cagle v. Bruner*, the Eleventh Circuit described the make whole doctrine as follows:

> Under the make whole doctrine, "an insured who has settled with a third-party tortfeasor is liable to the insurer-subrogee only for the excess received over the total amount of his loss." *Guy* [*v. Southeastern Iron Workers' Welfare Fund*], 877 F.2d [37 at] 39 [(11th 1990)]. *See also* 16 Couch on Insurance § 61:64 (2d ed. 1983) (if an insurer pays less than the insured's total loss, the insurer cannot exercise a right of reimbursement or subrogation until the insured's entire loss has been compensated). State courts generally treat the make whole doctrine as a default rule that is read into insurance contracts, except where it is explicitly excluded. *See Fields v. Farmers Ins. Co.*, 18 F.3d 831, 835-36 (10th Cir. 1994) (diversity case listing states that apply the make whole doctrine as a default rule).

112 F.3d 1510, 1520-21 (11th Cir. 1997). Additionally, in *Alves v. Silverado Foods, Inc.*, the Tenth Circuit stated:

> "The Make Whole doctrine is a creature of equitable insurance law and is generally stated as:

First, the "made whole" doctrine is not a cause of action under Alabama law. Instead it is a principle of damages where if money cannot adequately compensate a Plaintiff, the court may be able to award equitable damages to the Plaintiff. *See Tiger Motor Co. v. McMurtry*, 224 So. 2d 638 (Ala. 1969). It is not a principal or a claim under which a Plaintiff may seek relief. And, even if the Plaintiff could assert a claim under the "made whole" doctrine, it is inapplicable here. The court cannot find one Alabama case, and Plaintiff does not cite to any, where the "made whole" doctrine was applied outside the insurance/subrogation context. *See, e.g., Ex parte State Farm and Casualty Co.,* 764 So. 2d 543, 545-46 (Ala. 2000); *Wolfe v. Alfa Mut. Ins. Co.,* 880 So. 2d 1163, 1167 (Ala. Civ. App. 2003); *Guy v. Southeastern Iron Workers' Welfare Fund*, 877 F.2d 37, 39 (11th Cir. 1989); *Cagle v. Bruner*, 112 F.3d 1510, 1522 (11th Cir. 1997).

---

in the absence of contrary statutory law or valid contractual obligations to the contrary, the general rule under the doctrine of equitable subrogation is that where an insured is entitled to receive recovery for the same loss from more than one source, e.g., the insurer and the tortfeasor, it is only after the insured has been fully compensated for all of the loss that the insurer acquires a right to subrogation, or is entitled to its subrogation rights. The rule applies as well to instances in which the insured has recovered from the third party and the insurer attempts to exercise its subrogation right by way of reimbursement against the insured's recovery.

6 F. App'x 694, 702 (10th Cir. 2001) (quoting 16 Couch on Insurance 3d § 223:134 at 147–150 (2000)) (footnotes omitted).

To the extent Plaintiff relies on *McMurtry*, the court finds it to be inapposite. In that case, McMurtry brought a bill of complaint in equity[9] seeking to rescind the sale of a vehicle that he purchased from Tiger Motor premised on a breach of an express or implied warranty. The Alabama Supreme Court held that the plaintiff could proceed in equity to rescind the sale of a vehicle because an action at law would not have afforded him complete relief against the holder in due course of his note and mortgage which had been assigned by Tiger Motor.[10] 224 So. 2d at 641.

The present is distinguishable for numerous reasons. First, *McMurtry* does not stand for the proposition that Plaintiffs may be awarded damages by the jury and, if they are found to be inadequate, additional relief may be granted by the court. That case simply holds that if a "remedy at law is difficult or doubtful or inadequate, it is sufficient to give equity jurisdiction." *McMurtry*, 224 So. 2d at 641. Second, Plaintiffs have not alleged how their remedies at law are inadequate, difficult, or doubtful to attain so as to entitle them to additional equitable relief.

---

[9] *McMurty* was brought before the merger of the law and equity sides of Alabama courts. Alabama did not authorize the merger of law and equity until September 17, 1971, Act No. 1311, Acts of Alabama 1971. This merger was not effective until July 3, 1973, by order of the Supreme Court of Alabama of January 3, 1973, adopting the Alabama Rules of Civil Procedures. *See* Ala. R. Civ. P. 2; *Ex parte Reynolds*, 436 So. 2d 873, 875-76 (Ala. 1983). Prior to this adoption, Alabama courts of equity and courts of law had different rules and parties had different rights depending on the court. *See, e.g., In re Greene*, 248 B.R. 583, 607-08 (N. D. Ala. 2000) (explaining the different interests of debtor/mortgagor's interest in the property in law and equity before the merger).

[10] McMurtry could not proceed against the holder of the note and mortgage because the language of the contract precluded his defense against the holder for breach of warranty. *Id.*

Accordingly, the court finds that Defendants' motion to dismiss Plaintiffs' claim for equitable relief under the "made whole" doctrine is due to be granted.[11]

## IV. CONCLUSION

For the foregoing reasons, Defendants' partial motion to dismiss is **GRANTED**. Plaintiffs' claims for (1) fraudulent misrepresentation/suppression, including promissory fraud, (2) negligence, recklessness and negligence per se, and (3) negligent hiring, training, supervision and retention are **DISMISSED**. Additionally, Plaintiffs' claim for equitable relief under the "made whole" doctrine is **DISMISSED**. That being said, the court will allow Plaintiffs the opportunity to amend their complaint to adequately state a cause of action for fraud. Any amended complaint **SHALL** be filed within 14 days of this order.

**DATED**, this 18th day of October, 2018.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge

---

[11] To the extend Plaintiffs seek to use the "make whole" doctrine to overcome Defendants' statute of limitations defense (*see* doc. 1-20 at ¶ 90), for the reasons discussed previously, they are not entitled to any relief.